# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**C.H., a minor, by RUSSELL
HILLIGOSS and TAMMY
HILLIGOSS, his natural guardians,**

**v.**                                   **CASE NO. 3:18cv2128-MCR-HTC**

**THE SCHOOL BOARD OF**               **(Lead Case)**
**OKALOOSA COUNTY, FLORIDA,**
**et al.**
**_____/**


**N.R., a minor, by JASON RAGAN and
AMY RAGAN, his natural guardians,**

**v.**                                   **CASE NO. 3:18cv2208-MCR-HTC**

**THE SCHOOL BOARD OF**               **(Member Case)**
**OKALOOSA COUNTY, FLORIDA,**
**et al.**
**_____/**


**STEVEN VAN ETTEN,**

**v.**                                   **CASE NO. 3:19cv82-MCR-HTC**

**THE SCHOOL BOARD OF**               **(Member Case)**
**OKALOOSA COUNTY, FLORIDA,**
**et al.**
**_____/**

**N.P., a minor,**
**by EDDIE PERILLO,**
**his natural guardian,**

**v.**                                    **CASE NO. 3:18cv453-MCR-HTC**

**THE SCHOOL BOARD OF**              **(Member Case)**
**OKALOOSA COUNTY, FLORIDA,**
**et al.**
_____/

**K.R. MINOR BY TIFFANY**
**MARSHALL,**

**v.**                                    **CASE No. 3:19cv3639-MCR-HTC**

**THE SCHOOL BOARD OF**              **(Member Case)**
**OKALOOSA COUNTY, FLORIDA,**
**et al.**
_____/

## SCHOOL BOARD OF OKALOOSA COUNTY'S AND MARY BETH JACKSON'S EMERGENCY MOTION TO COMPEL PLAINTIFFS' RESPONSES TO DISCOVERY REQUESTS AND SUPPORTING MEMORANDUM OF LAW

Defendants, **SCHOOL BOARD OF OKALOOSA COUNTY** ("School Board") and **MARY BETH JACKSON** ("Jackson") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 37, N. D. Fla. Loc. R. 26.1(D) and N.D. Fla. Loc. R. 7.1(L), file this Emergency Motion to Compel and respectfully request the relief set forth herein, along with such other and further relief the Court deems appropriate.

2

## INTRODUCTION

The deficiencies in each of the Plaintiffs' respective discovery responses are fundamental and profound. This Motion is not an attempt to "nitpick" at responses that, to a reasonable observer, are close to the responsive/unresponsive line. Simply stated, Plaintiffs have abandoned their individual and collective responsibilities to tell the Defendants what their claims are about, the specific evidence upon which the claims are based, the sources and locations from which the evidence has been obtained and where else Defendants can look to uncover information about Plaintiffs' multi-count, multi-claim lawsuits and details regarding Plaintiffs' alleged damages. Defendants deserve as much and, in any event, the Federal Rules of Civil Procedure require as much.

Given the volume of unresponsive requests at issue, the School Board and Jackson have organized this Motion in the same manner as the conferral letter sent to Counsel for the Plaintiffs on March 5, 2020, a true and exact copy of which is attached as **Exhibit 1**. For ease of the Court's reference, Defendants have categorized the discovery rule violations that are the subject of this Motion and included argument and supportive authority for each category. The specific answers and responses to Defendants' respective interrogatories, requests for production and requests for admission served in each case and to which Defendants take exception are identified in a footnote within the categories, listed by case. Finally, in the last

three sections below (Arguments XI, XII and XIII) Defendants identify additional issues of concern related to the adequacy of Plaintiffs' Rule 26(a)(1)(iii) damages disclosure, Plaintiffs' failure to timely disclose document search terms and improper boilerplate objections that have been repeatedly rejected in cases filed in this District.

## RELEVANT PROCEDURAL HISTORY APPLICABLE TO MOTION

1.     Following this Court's adjudication of the motions to dismiss filed by each of the Co-Defendants, on October 17, 2019 a combined case management conference was held, attended by Counsel for all Parties. By Order dated October 18, 2019, the Court memorialized the matters discussed during the conference, including the consolidation of all 5 cases for discovery purposes.

2.     The Court directed Counsel to take several steps following the conference: (a) meet and confer in accordance with Rule 26(f) within forty-five (45) days; (b) bring to the Rule 26(f) conference the IT representatives working with the Parties; (c) file a Joint Rule 26(f) Report within fourteen (14) days of the attorneys' conference; (d) that Plaintiffs file amended complaints reflective of the Court's rulings on the motions to dismiss within forty-five (45) days; and (e) be available for a Rule 16 conference after the filing of the Joint Rule 26(f) Report.

3.     Counsel for the Parties met in Tallahassee on November 26, 2019, for the purpose of discussing the matters required by Rule 26 and this Court's October

4

18, 2019 Order. Thereafter, on December 12, 2019, the Joint Rule 26(f) Report was filed.

4.      The Rule 16 conference was held on January 9, 2020. Among other things, the Court directed Defendants to serve written discovery to Plaintiffs on February 1, 2020, responses and answers to which were due by March 1, 2020. In turn, Plaintiffs must serve written discovery to Defendants on March 15, 2020, answers and responses to which are due on April 15, 2020.

5.      Defendants served written discovery to Plaintiffs on Monday, February 3. Plaintiffs responded on Monday, March 2. The individual discovery objections, answers and responses, and Plaintiffs' Rule 26(a)(1) Disclosures, are included as Exhibits to this Motion, and filed under seal to protect Plaintiffs from the disclosure of protected information, as follows:

C.H. Answers to Interrogatories – **Exhibits 2 and 3**

C.H. Responses to First RFPs – **Exhibits 4 and 5**

C.H. Responses to First RFAs – **Exhibits 6 and 7**

N.P. Answers to Interrogatories – **Exhibits 8 and 9**

N.P. Answers to First RFPs – **Exhibits 10 and 11**

N.P. Answers to First RFAs – **Exhibits 12 and 13**

N.R. Answers to Interrogatories – **Exhibits 14 and 15**

N.R. Responses to First RFPs – **Exhibits 16 and 17**

N.R. Responses to First RFAs – **Exhibits 18 and 19**

Van Etten Answers to Interrogatories – **Exhibits 20 and 21**

Van Etten Responses to First RFPs – **Exhibits 22 and 23**

Van Etten Responses to First RFAs – **Exhibits 24 and 25**

K.R. Answers to Interrogatories – **Exhibits 26 and 27**

K.R. Responses to First RFPs – **Exhibits 28 and 29**

K.R. Responses to First RFAs – **Exhibits 30 and 31**

C.H. Rule 26(a)(1) Disclosures – **Exhibit 32**

N.P. Rule 26(a)(1) Disclosures – **Exhibit 33**

N.R. Rule 26(a)(1) Disclosures – **Exhibit 34**

Van Etten Rule 26(a)(1) Disclosures – **Exhibit 35**

K.R. Rule 26(a)(1) Disclosures – **Exhibit 36**

6.      The depositions of Plaintiffs' parents were initially scheduled for the week of March 9. Even prior to receiving Plaintiffs' deficient answers and responses, Counsel for the Co-Defendants were in the midst of discussing whether those depositions should move forward based upon the low percentage of information received to date through non-party subpoenas. After receiving Plaintiffs' non-compliant, vague and unresponsive discovery responses, it became absolutely clear that there was no possible way to move forward with those depositions, an opinion unanimously shared by Counsel for all Co-Defendants.

7.     These depositions, the first to be taken by Defendants' Counsel, are rescheduled for the week of March 23, 2020. It would be highly prejudicial and patently unfair for Defendants to be forced to take the depositions of Plaintiffs' parents, most of whom are expected to be primary witnesses in this case, without the benefit of complete and responsive discovery responses.

8.     Plaintiffs have neglected other pre-trial matters to the detriment of Defendants. Specifically, during the all-Counsel meeting in Tallahassee on November 26, 2019, Plaintiffs agreed to provide Defendants search terms for electronic documents they plan to seek through production requests within twenty-one (21) days (December 17, 2019). Plaintiffs' Counsel have been prodded several times both orally and in writing to provide the search terms.  Each time, Plaintiffs' Counsel have promised to provide the information any day; however, no search terms have been provided. Defendants are no longer confident that Plaintiffs will do that which is required, particularly since 106 days have passed since the all-Counsel conference.

9.     Because Plaintiffs' production will be served on March 15, 2020 and responded to by April 15, 2020, the failure to timely provide the search terms has placed Defendants at a significant disadvantage even before the requests have been served and will impact Defendants' search for documents responsive to Plaintiffs' production requests, a search that will take place simultaneous with week long

deposition blocks at which Counsel for the Defendants will appear. The whole point of securing the search terms was to avoid a discovery crunch, a point with which Plaintiffs' Counsel agreed and about which the Court was advised during the Rule 16 conference.

10.     Defendants need responsive discovery immediately to prepare for and take Plaintiffs' parents' depositions, and need the search terms promised during the November 26, 2019 Rule 26(f) attorneys' conference immediately to begin the process of culling through the mountains of data collected to date, so that Counsel for all Co-Defendants may timely respond to the document requests Plaintiffs will serve next week. Thus, this Motion is submitted as an emergency motion pursuant to N.D. Fla. Loc. R. 7.1(L).

11.     Pursuant to Fed. R. Civ. P. 37(a)(1) and N.D. Fla. Loc. R. 7.1 the undersigned certify they have attempted to resolve the issues set forth in this Motion prior to its filing. Plaintiffs have not changed their position with respect to the issues contained herein, thereby necessitating the filing of this Motion.

12.     More specifically, after a telephone discussion held with Plaintiffs' Counsel on March 3, during which the undersigned identified the problems encountered securing non-party records and the non-responsive answers and responses that had been served, on March 5, 2020, **Exhibit 1** was sent to Plaintiffs' Counsel. During the evening of March 10, 2020, Plaintiffs' Counsel sent the letter

attached as **Exhibit 37**, to which the undersigned immediately responded by e-mail (<u>See</u> **Exhibit 38**).

13.    In each communication, Plaintiffs' position has remained constant; namely, that they have complied with the discovery rules. They have not.

## <u>INFORMATION REQUIRED BY N.D. FLA. LOC. R. 26.2</u>

Defendants are mindful of Local Rule 26.2; however, because complying with this Local Rule would require listing approximately 520 Interrogatories (and answers thereto), First RFPs (and responses thereto) and First RFAs (and responses thereto) across 5 cases, Defendants request that they be excused from the requirements of the Rule. Instead, for ease of the Court's reference, Defendants have organized the non-compliant and incomplete discovery requests and responses by category below. Should the Court prefer that each discovery item and response be listed, Defendants will certainly file a document or amended Motion setting forth the information.

## MEMORANDUM OF LAW

## I.   General Standards Governing Motions to Compel

Defendants bring this motion because each of the Plaintiffs have failed to satisfy their obligation to provide full and responsive answers and responses to the respective First Set of Interrogatories ("Interrogatories"), First Request for Production ("First RFP") and First Request for Admissions ("First RFA"). Defendants also move the Court to compel Plaintiffs to provide the damages information required by Rule 26(a)(1)(A)(iii), to require Plaintiffs to provide responses free of boilerplate objections and to compel Plaintiffs to provide responses in those instances where Plaintiff has objected to requests without providing any response at all. Finally, Defendants move the Court to require Plaintiffs to provide the search terms they intend to use with respect to the production requests they plan to serve to all Co-Defendants in this case.

As the Court is well aware, if a party fails to answer an interrogatory or respond to a request for production or request for admission, the discovering party may move for an order compelling a response. Fed. R. Civ. P. 37 and N.D. Fla. Loc. R. 26.1. Motions to compel discovery under Rule 37(a) are directed to the sound discretion of the trial court, which has broad discretion to compel compliance with the discovery rules. See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993); Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

## II.     Argument and Authority – Improperly Incorporating Allegations of the Operative Complaints (Interrogatories)[1]

Several of Plaintiffs' Interrogatory answers merely incorporate various allegations of their respective operative Complaints. This practice leaves Defendants knowing no more about the Plaintiffs' positions and claims since the inception of these lawsuits in 2018, handcuffing Defendants' efforts to identify all of the fact witnesses they need to depose and non-parties to whom subpoenas should be directed. Worse still, several of the allegations referenced are not even responsive to the Interrogatories to which they have been tied. At a minimum, the point of these Interrogatories was to understand the evidentiary bases for the allegations in the Complaints, not to simply rehash the same allegations.

Magistrate Judge Timothy, and several other federal district courts from around the country, have expressly rejected this practice. See Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc., 3:07CV97/RV/EMT, 2007 WL 2298009, at *2 (N.D. Fla. Aug. 9, 2007) ("Plaintiff's answer to question two is incomplete and inadequate. First, it is insufficient to answer an interrogatory by merely referencing allegations of a pleading.") (citing Davidson v. Goord, 215 F.R.D. 73, 77

---

[1] **School Board Interrogatories**
**N.P.** - 3, 5, 13 through 19; **C.H.** - 4, 5, 13 through 19; **N.R.** - 4, 5, 13 through 19; **Van Etten** - 4, 5, 13 through 19; **K.R.** - 4, 5, 13 through 19.
**Jackson Interrogatories**
**N.P.** - 3 through 6; **C.H.** - 3 through 6; **N.R.** - 3 through 6; **Van Etten** - 3 through 6; **K.R.** - 3 through 6.

(W.D.N.Y.2003), <u>Farran v. Johnston Equip. Inc.</u>, 93-6148, 1995 WL 549005, at *5

(E.D.Pa. Sept.12, 1995) (Rule 33 "requires an answer to be complete in and of

itself"; thus, the answer "should not refer to other pleadings") and <u>King v. E.F.</u>

<u>Hutton, Inc.</u>, 117 F.R.D. 2, 6 (D.D.C.1987) ("Nor is it an adequate response to say

that the information is reflected in the complaint, no matter how detailed.")).  Here,

Defendants request that the Court compel Plaintiffs to answer the Interrogatories in

question fully and completely, without citation to the allegations of the Complaints

or any other pleadings or documents.

## III.  <u>Argument and Authority – Improperly Referencing Categories of Documents (Interrogatories)</u>[2]

Similarly, several of the answers simply direct Defendants to review general

categories, collections or titles of numerous documents, but do not point to the

specific page, paragraph or statement contained in the documents, rendering these

answers non-responsive. Several answers are even more evasive because they

include the catch phrase "including but not limited to" when referencing documents

purportedly responsive to the Interrogatories.

---

[2] **<u>School Board Interrogatories</u>**
**N.P.** - 2, 5, 6 through 8, 13 through 19; **C.H.** - 2, 5, 6 through 8, 13 through 19; **N.R.** - 2, 5, 6 through 8, 13 through 19; **Van Etten** - 2, 3, 5, 6 through 8, 13 though 19; **K.R.** - 2, 5, 6 through 8, 13 through 19.
**<u>Jackson Interrogatories</u>**
**N.R.** - 3 through 6; **Van Etten** - 1, 3 through 6; **K.R.** - 1, 3 through 6.

The Interrogatories served on behalf of the School Board and Ms. Jackson were Defendants' opportunity to gain sworn testimony from the Plaintiffs' guardians and parents regarding the specific factual detail supporting Plaintiffs' allegations and claims, or lack thereof, and the evidence upon which those claims rest. Plaintiffs' answers do nothing to advance Defendants' understanding of the evidence that will be relied on by Plaintiffs and their attorneys and do not come close to satisfying applicable discovery rules. Faced with the identical scenario, the Southern District found in <u>Spadaro v. City of Miramar</u>, 11-61607-CIV, 2012 WL 12862641 (S.D. Fla. Apr. 25, 2012):

> In response to the City Defendants' interrogatories, Plaintiff generally refers the City Defendants to thousands of pages of documents that were obtained from various sources. However, it is improper for a party to answer an interrogatory simply by reference to the pleadings or other outside materials… Indeed, a defendant 'should not have to comb through the numerous allegations' of a complaint 'to attempt to guess what specific factual information' is responsive to a defendant's interrogatory… although Federal Rule of Civil Procedure 33(d) does permit a party to answer an interrogatory by identifying the records from which the answer may be derived, the Rule requires that the responding party specify the records 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'

<u>Id</u>. at 6-7 (citing, *inter alia*, Fed. R. Civ. P. 33(d)(1), <u>Equal Rights Center v. Post Props., Inc.</u>, 246 F.R.D. 29, 35 (D.D.C. 2007) ("Because Rule 33(b)(1) requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as

pleadings, depositions, or other interrogatories.") and Tokarz v. TRG Columbus Dev. Venture, Ltd., No. 08-60190-CIV, 2008 WL 4533917, at *2 (S.D. Fla. Oct. 6, 2008) (addressing the sufficiency of a party's responses to interrogatories, the court stated that "general references to hundreds of pages of Bates stamped pages do not comply with the dictates of Rule 33")).

In the same regard, several answers merely incorporate Plaintiffs' Rule 26 Disclosures, while other answers refuse to provide factual detail regarding Plaintiffs' injuries, instead directing Defendants to yet-to-be-disclosed expert witness reports. This is completely improper as well. E.g. Friskney v. Am. Park & Play, Inc., 04-80457-CIV, 2005 WL 8156082, at *3 (S.D. Fla. June 21, 2005) ("Again, the party responding to an interrogatory 'may not merely refer the requesting party to its disclosures or other pleadings previously served' in lieu of providing a written answer.") (internal citation omitted); see also Favreau v. Walmart Stores E., L.P., 3:10-CV-877-J-34MCR, 2011 WL 721504, at *2 (M.D. Fla. Feb. 22, 2011) (citing King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5–6 (D.D.C.1987).

The decision by the Middle District in Favreau, *supra*, is especially relevant to the document labyrinth through which the Plaintiffs believe it is appropriate for Defendants to travel. In particular, Judge Richardson found:

> This case has been pending for nearly five months. Information regarding Plaintiff's damages is clearly relevant and information to which the Defendant is entitled. As another court held: 'while an expert ... may be necessary to refine the evidence of their losses, the plaintiffs

14

must have had some factual basis for concluding they had sustained losses at the time the complaint was filed. Rule 11, Fed.R.Civ.P., requires no less. Rule 11 is designed to insure that allegations in a complaint, drafted by a member of the Bar, are supported by sufficient factual information at the time the claims are initially asserted. It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses. They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e), Fed.R.Civ.P. the plaintiffs have the option, indeed even the duty, to supplement their answers to these interrogatories to reflect refinements or corrections to the factual representations as to their asserted losses up to the time of the final pretrial conference under Rule 16, Fed.R.Civ.P.'

Favreau, 2011 WL 721504, at *2 (citing King, 117 F.R.D. at 5-6).

## IV.   Argument and Authority – Improperly Directing Defendants to Review Their Own Records (Interrogatories)[3]

Next, in several of the Interrogatory answers, Plaintiffs speculate that "the Defendants should be in possession of any/all information responsive to this request" and similar verbiage. Rule 33(d) does not allow this practice either. See e.g. United States v. All Assets Held at Bank Julius Baer & Co., 276 F.R.D. 396, 399 (D.D.C. 2011) (internal citation omitted). ("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. The fact that the information sought is equally

---

[3] **School Board Interrogatories**
**N.P.** - 7, 8, 12; **C.H.** - 7, 8; **N.R.** - 7, 8; **Van Etten** - 7, 8, 12;  **K.R.** - 7, 8, 12.

available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable."); Harris v. Koenig, 271 F.R.D. 356, 366 (D.D.C. 2010) ("[I]nterrogatory responses that direct [the requesting party] to [the opposing party's] document production generally or to information available elsewhere are not an adequate alternative to answering interrogatories."); Covad Communications Co. v. Revonet, Inc., 258 F.R.D. 17, 20 (D.D.C. 2009) (finding that even if the requesting party can "review its own files to look for information that supports [the opposing party's] claims," the requesting party "has the right to hear ... what information [the opposing party] intends to use to support its claims."); Melius v. Nat. Indian Gaming Comm'n, CIV A 98–2210 (TFH/JMF), 2000 WL 1174994, at *2 (D.D.C. July 21, 2000) (granting motion to compel based on interrogatory that "asked plaintiff to specify the occasion of each such disclosure, the date plaintiff became aware of the disclosure, the source of plaintiff's information about disclosure, the identity of any person that has knowledge of the disclosure, and the contents of the disclosure. Plaintiff did not answer this interrogatory by way of narrative, but cross-references the documents which had been submitted during the briefing of the motion for summary judgment before Judge Hogan.") (cited by Covad).

## V.      Argument and Authority – Improper "Document Dump" (First RFPs)[4]

Next, in response to several separate and distinct requests, Plaintiffs have responded that "[a]ll responsive, non-privileged documents in Plaintiff's possession or control, that have not already been produced, will be produced at a time and place convenient for both parties." The next day, Plaintiffs produced two .pdf files containing 10,498 and six documents in N.P., one .pdf file containing 983 documents in C.H., one .pdf file containing 10,281 documents in N.R., one .pdf file containing 431 documents in Van Etten, and one .pdf file containing 72 documents in K.R.

Importantly, however, Plaintiffs failed to identify which specific documents or portions of documents are responsive to the specific requests served by the Defendants. Instead, Plaintiffs simply responded with the proverbial "document dump." This is entirely inappropriate. See e.g. GHMC Holding Co., Inc. v. Sickle, 3:14CV614/RV/CJK, 2016 WL 7757522, at *4 (N.D. Fla. Feb. 23, 2016)("Finally, although plaintiff indicated it would produce responsive documents, defendants claim they cannot confirm that it actually did so due to the manner in which plaintiff

---

[4] **School Board Requests**
**N.P.** - 1 through 6, 9 through 17, 19 through 37, 39 through 41, 43 through 44, 46 through 48, 54 through 57; **C.H.** - 1 through 6, 9 through 17, 19 through 37, 39 through 41, 43 through 44, 46 through 48, 54 through 57; **N.R.** - 1 through 6, 9 through 17, 19 through 37, 39 through 41, 43 through 44, 46 through 48, 54 through 57; **Van Etten** - 1 through 6, 9 through 10, 12 through 17, 19 through 37, 39 through 41, 43 through 44, 46 through 48, 54 through 57; **K.R.** - 1 through 6, 9 through 17, 19 through 37, 39 through 41, 43 through 44,    46 through 48, 54 through 57.
**Jackson Requests**
**N.P.** - 1 through 23; **C.H.** - 1 through 22; **N.R.** - 1 through 22; **Van Etten** - 1 through 22; **K.R.** - 1 through 22.

produced documents—i.e., not labeled as corresponding to any particular request. Plaintiff shall submit a supplemental response eliminating boilerplate objections and, to the extent it has not already done so, either produce any responsive documents in the manner in which they are kept in the usual course of business or identify, by Bates number or other appropriate identifier, documents produced in response to Request No. 2"); Henderson v. Holiday CVS, L.L.C., 09-80909-CIV, 2010 WL 11505168, at *3 (S.D. Fla. Aug. 11, 2010)("The Court holds that in those instances where a party elects to produce responsive documents as they are maintained in the ordinary course of business under Rule 34, said party is obligated to choose a manner of production that ensures the requesting party can ascertain, with reasonable effort, what documents are responsive to which requests, which in most instances will require the producing party either direct the responding party to the location or locations within its files where documents responsive to the specific requests may be found, or provide a key, index or other device to assist the responding party in locating the responsive documents.").

## VI.  Argument and Authority – Refusal to Produce Medical Records (First RFPs)[5]

Plaintiffs have also objected to producing any medical records in their possession, asserting that such information is "not related to a claim or defense at issue in this action." This objection is completely meritless.

Plaintiffs have clearly placed their physical and psychological conditions at issue in this case – both with respect to the substance of their claims (i.e., ADA and Rehabilitation Act) as well as their damages demands. Indeed, Plaintiffs allege to suffer from physical and mental disabilities of various types. And the operative Complaints allege that Plaintiffs suffered pain and suffering, loss of enjoyment of life, emotional damages up to and including post-traumatic stress disorder, loss of earning potential, physical and psychological harm and/or past and future medical expenses. Unless Plaintiffs are willing to dismiss claims related to their physical or mental condition, and drastically modify their damages demands, Defendants are entitled to these kinds of records.

It is axiomatic that the medical records of a party who places his or her physical or mental condition at issue are discoverable. Accord Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (plaintiff alleging sexual harassment, discrimination and retaliation that caused emotional distress placed medical

---

[5] **School Board Requests**
**N.P.** - 7, 8; **C.H.** - 7, 8; **N.R.** - 7, 8; **Van Etten** - 7, 8, 11; **K.R.** - 7, 8.

condition at issue, thereby permitting discovery of medical records); Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296 (E.D. Pa. 1983) (medical records of plaintiff alleging emotional distress and physical harm and seeking compensatory and punitive damages are discoverable); Frey v. Gainey Transportation Services, Inc., 1:05-CV-1493-JOF, 2006 WL 1133182, at *2 (N.D. Ga. April 27, 2006) (ordering the production of records in response to subpoena since the "gravamen of Plaintiff's damages claim here is going to be personal injury"); Cherenfant v. Nationwide Credit, Inc., 03–60655–CIV, 2004 WL 5315889 (S.D. Fla. May 12, 2004) (compelling the production of medical records where the plaintiff alleged "emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-pecuniary losses.").

The need for medical records is even more compelling in this case, since the Plaintiffs allege they are non-verbal and their parents/legal guardians have no doubt been involved in their day-to-day and long term medical care. Defendants will rely heavily on medical records in this case, including the use of an expert witness to review those records, and should not be expected to fight with one arm tied behind their back with respect to substantive law and damages issues.

## VII.   Argument  and  Authority  –  Refusal  to  Produce  Correspondence  with School Board and its Employees (First RFPs)[6]

Likewise, Plaintiffs have objected to producing any correspondence between themselves and the School Board, its members and employees, contending that such information is also "not related to a claim or defense at issue in this action." Yet, throughout the operative Complaints and in discovery responses, Plaintiffs allege they learned about allegedly improper behavior at Silver Sands and Kenwood from employees of the School Board and, as discussed in Argument IX, *infra*, members of the community. (See e.g. Answer to Jackson Interrogatory 1 to N.P.; Answer to Jackson Interrogatory 1 to N.R.; Answer to School Board Interrogatory 3 to N.R.; Answer to School Board Interrogatory 3 to Van Etten).[7] They also allege a District-wide pattern and practice of abuse, about which they claim School Board officials and employees had knowledge, in support of their Section 1983 claims.

The School Board may or may not have a record of such correspondence, particularly if Plaintiffs or their attorneys have been, as Defendants expect and have reason to believe, communicating directly with School Board representatives and employees, even after the lawsuits were filed. Moreover, these School Board

---

[6] **School Board Requests**
**N.P.** – 18; **C.H.** – 18; **N.R.** – 18; **Van Etten** - 18; **K.R.** – 18.

[7] The Interrogatory Answer by N.R. drives the point home: "[Parent of N.R.] and Marian Gilmore have communicated through text message and possibly e-mail relating to individuals identified in the lawsuit but not necessarily about the lawsuit or allegations contained in the lawsuit."

representatives and employees may have used personal e-mail, smart phones or other writings. Whether and, if so, to what extent Plaintiffs learned of incidents and issues occurring in the schools and what Plaintiffs were communicating to School Board representatives is absolutely germane to this litigation and within the broad scope of discovery. Communication between Plaintiffs/Plaintiffs' families and School Board representatives is also proportionate to the needs of the case and likely to lead to the discovery of admissible evidence.

## VIII. <u>Argument and Authority – Refusal to Produce Representation Agreements (First RFPs)</u>[8]

Plaintiffs also object to producing their legal representation agreements, arguing they are protected from disclosure by the attorney-client privilege. However, Plaintiffs seek an award of attorney's fees against Defendants. As such, this information is discoverable. <u>Soricelli v. GEICO Indem. Co.</u>, 8:16-CV-1535-T-30TBM, 2017 WL 275967, at *4 (M.D. Fla. Jan. 20, 2017) ("Courts in this Circuit have concluded 'fee agreements or retainer agreements generally are not privileged.'"); <u>Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.</u>, 230 F.R.D. 688, 691 (M.D. Fla. 2005) ("Similarly, fee agreements or retainer agreements generally are not privileged.").

---

[8] **<u>School Board Requests</u>**
**N.P.** – 45; **C.H.** – 45; **N.R.** – 45; **Van Etten** - 45; **K.R.** – 45.

Plaintiffs have not articulated why their fee agreements are privileged and exempt from disclosure. Their boilerplate privilege objection should be considered waived and the requested documents produced.

## IX.  <u>Argument and Authority – Refusal to Produce Correspondence with Non-Parties to the Actions (First RFPs)</u>[9]

Finally, Plaintiffs have objected to producing correspondence they or their attorneys have shared or received from non-parties regarding the allegations in the operative Complaints. Plaintiffs have asserted a boilerplate objection, claiming this information "is not related to a claim or defense at issue in this action." This objection is unfounded. Moreover, although Plaintiffs have alleged that such information is protected from production pursuant to the work-product doctrine, Plaintiffs' responses fail to comply with Rule 36(b)(5) which requires Plaintiffs to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" -- that is, a privilege log.

Like the correspondence identified in Argument VII, *supra*, communications between Plaintiffs and their lawyers and members of the community, government

---

[9] **School Board Requests**
**N.P.** – 59; **C.H.** – 59; **N.R.** – 59; **Van Etten** - 59; **K.R.** – 59.

agencies and lawmakers specifically related to these cases and the allegations in the Complaints is undoubtedly related to the claims at issue in this litigation. The undersigned are aware of certain (through not necessarily all) efforts by Plaintiffs' families and/or their attorneys to broadcast what they are alleging in this case to community members and various government representatives. And, as noted in Argument VII, Plaintiffs allege in their Complaints and certain Interrogatory answers that they learned about certain incidents from community members. How, then, is this very same information "not related to a claim or defense at issue in this action"?  It is, and it should be disclosed in discovery.

Defendants are entitled to explore the origins of the information Plaintiffs obtained, from whom it was obtained and how it was obtained during the discovery phase of this litigation and, if necessary, set the depositions of the sources of the information. Plaintiffs' attempt to hide the ball with respect to this information is a classic discovery violation for which an order compelling disclosure is warranted.

**X.**    **Argument and Authority – Failure to Adhere to Rule 36(a)(4) (First RFAs)**[10]

Several of Plaintiffs' responses to the Defendants' RFAs assert a lack of information and/or knowledge to admit or deny. This is improper under Rule 36(a)(4), which requires:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

The boilerplate assertion that Plaintiffs cannot admit or deny certain of the requests is insufficient for purposes of Rule 36. <u>Accord</u> <u>Viable Res., Inc. v. Belyea</u>, 8:16-CV-2669-T-30JSS, 2017 WL 4877434, at *4 (M.D. Fla. Oct. 30, 2017) ("Further, Plaintiff's responses to request numbers 24, 29, and 30 are also insufficient. Plaintiff denied the requests stating that it 'does not have sufficient information to admit or deny this request.' However, this does not comply with the requirement that a party 'may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry

---

[10] **School Board Requests**
**N.P.** - 2, 17.
**Jackson Requests**
**N.P.** - 1, 2; **N.R.** - 1, 2; **Van Etten** - 1, 2; **K.R.** - 1, 2.

and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.' Rather, Plaintiff appears to be both denying the requests and stating that it lacks knowledge to respond to the requests. Accordingly, Defendant's Motion to Determine Sufficiency is granted, and Plaintiff shall amend its responses to comply with Rule 36 and admit or deny each of the requests at issue.").

All requests to which this improper objection has been raised should be deemed admitted. Alternatively, Plaintiffs should be compelled to fully answer the requests.

## XI.   Argument and Authority – Improper, Boilerplate Objections and "Subject To" Responses (Interrogatories/First RFPs/First RFAs)[11]

In response to the School Board's Interrogatories and RFAs, Plaintiffs assert generic, boilerplate objections without any support for the stated objections and, at other times, assert objections, yet respond to the request with the classic "subject to and without waiving the objections" caveat.  Northern District of Florida precedent treats all such objections as insufficient or waived. See e.g. Pensacola Firefighters' Relief & Pension Fund Bd. of Trustees v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 3:09CV53/MCR/MD, 2009 WL 3294002, at *2 (N.D. Fla. Oct. 13, 2009) ("I

---

[11] **School Board Interrogatories**
**N.P.** - 9, 12; **C.H.** – 12; **Van Etten** - 10, 12; **K.R.** – 12.
**School Board RFAs**
**N.P.** – 3.

do not favor either fishing expeditions or questions and requests unlimited in time or place. Neither do I favor totally unsupported objections to discovery based on the usual boilerplate—assertions that the request is overly broad or unduly burdensome, or that the information sought is irrelevant, privileged, or is unlikely to lead to the discovery of admissible evidence. Give me something to back up your objection or it will be overruled. If you have answered a discovery request 'subject to' or after 'reserving' an objection (or similar phrase), you have waived your objection."); Mullins v. Encore Senior Living II, LLC, 3:07CV325/WS/EMT, 2007 WL 4098851, at *1 (N.D. Fla. Nov. 16, 2007)("Moreover, to the extent that material was produced 'subject to' or 'without waiving' an objection, Plaintiff should not expect the objection to be sustained by this court…Plaintiff would be well advised to solve this matter by agreement with Defendant because it appears that most of the objections she raised are either waived, insufficient, or inadequate.").

Defendants request that all non-specific objections and "subject to" objections be deemed waived. As the above cases make clear, the practice of hedging one's bets does not fly in federal court litigation.

## XII.   Argument and Authority – Refusal to Disclose Damages Pursuant to Rule 26(a)(1)(A)(iii)

Rule 26(a)(1)(A)(iii) requires that a party seeking damages disclose to the

opposing party:

> (iii) a computation of each category of damages claimed by the
> disclosing party--who must also make available for inspection and
> copying as under Rule 34 the documents or other evidentiary material,
> unless privileged or protected from disclosure, on which each
> computation is based, including materials bearing on the nature and
> extent of injuries suffered…

Fed. R. Civ. P. 26(a)(1(A)(iii).

Notwithstanding the broad ranging damages sought by Plaintiffs in their

respective operative Complaints, their Rule 26 Disclosures, as amended, do not

contain or describe any damages. Instead, Plaintiffs have advised:

> Economic damages as follows:
> Plaintiff is currently unable to produce a damage calculation for
> economic damages at this time.  Due to the nature of the case and
> Plaintiff's special needs, an expert witness is required to assist in the
> calculation of Plaintiff's economic damages.  Therefore, the nature and
> extent of Plaintiff's damages in this regard will be provided during the
> Court ordered period of time for Plaintiff's expert disclosures and
> report.

> Compensatory and Punitive Damages:
> Plaintiff is entitled to damages relating to pain and suffering; mental
> anguish; loss of capacity for the enjoyment of life. Plaintiff has not
> calculated the value of these damages caused by Defendants' actions,
> nor are these the sort of damages that are amenable to the kind of
> calculation  disclosure contemplated by Rule 26.  It is not Plaintiff's
> counsel's practice to ask the jury for a certain amount of money for
> compensatory or punitive damages. Instead, it is Plaintiff's counsel's
> practice to ask the jury to award an amount of money for these damages
> that will fairly compensate the Plaintiff for pain and suffering.

Plaintiff's counsel will seek to recover the maximum amount allowed by law for said damages. However, the decision of how much to award for these damages belongs to the jury and to the jury alone.

Plaintiff intends to seek reasonable attorneys' fees for the work performed by his attorney based on the lodestar method. It is therefore impossible for Plaintiff to estimate the amount of prevailing party attorneys' fees he will seek to recover at this point, as the lodestar method cannot be properly calculated until the conclusion of the case.

Given the absence of any meaningful information in Plaintiffs' damages disclosure, compounded by Plaintiffs' largely obtuse and non-responsive discovery responses, Defendants are unable to determine whether and, if so, which kinds of experts they will need to defend this case or how they may otherwise evaluate the damages claims advanced by Plaintiffs. Similarly, Defendants cannot, among other things, determine which additional non-party records should be subpoenaed, which Co-Defendants in this case caused Plaintiffs' alleged damages, what type of questions to ask Plaintiffs' parents and medical professionals in depositions, which additional witnesses should be interviewed and whether there are additional records in Plaintiffs' possession Defendants should seek. Plaintiffs spared no detail when they described the *categories* of damages they seek in their Complaints. However, when it came time to provide *actual information and evidence* supporting their claims of severe physical and mental damage, Plaintiffs have become silent and evasive.

Rule 26 requires more. In fact, "[a] party who fails to provide an initial disclosure as required by Rule 26 "is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Local Access, LLC v. Peerless Network, Inc., 6:14–cv–399–Orl–40TBS, 2017 WL 784828 at *2 (M.D. Fla. March 1, 2017) (citing Fed. R. Civ. P. 37(c)(1)); see also Dixon v. Bankhead, 2000 WL 33175440 at *1 (N.D. Fla. Dec. 20, 2000)(compelling damages disclosure under Rule 26).

## XIII.  Argument and Authority – Failure to Provide Search Terms

Lastly, during the November 26, 2019 Rule 26(f) meeting of counsel, which the School District's and Plaintiffs' IT representatives were required to attend, Counsel for Defendants and the District IT representative made clear there is a massive amount of data potentially related to the issues in these cases and, as such, search terms were needed from Plaintiffs as soon as possible to begin the process of collecting data for the documents Plaintiffs wish to review. Counsel for all Defendants proposed that information from the 2012-2013 school year to the present be preserved for Plaintiffs' inspection, a date range that was agreed to at the all-Counsel meeting. However, based upon representations made by Plaintiffs' Counsel to the Court during the Rule 16 conference, the School District is required to preserve data going back to the 2009-2010 school year.

This has been a massive undertaking to say the least, one which has required the School District to expend $44,000 to date, with the cost rising each day, and has required countless hours of School District staff time. Counsel for the Defendants have worked with their IT representative and its outside vendor to upload broad swaths of potentially discoverable information although, as of the date below, Plaintiffs have yet to identify through search terms the type of information they plan to seek. At present, 500 gigabytes of information have been uploaded and the undersigned has been advised that the final number may reach close to 1 terabyte.

The Court's Scheduling and Mediation Order requires Defendants to respond to production requests within thirty (30) days. Plaintiffs' failure to provide search terms within the agreed upon timeframe has already impacted Defendants' collection efforts, and will no doubt continue to impact their ability to timely respond to Plaintiffs' production requests.

Counsel for the Plaintiffs agreed to provide preliminary search terms within 21 days. The plan agreed to during the November 26, 2019 all-Counsel meeting, as amended during the Rule 16 conference, was described to the Court and adopted in the Court's Final Scheduling Order at paragraph 3(b). Relying on its broad discretion with respect to discovery related issues, Defendants request that the Court compel Plaintiffs to provide the search terms *post haste*.

WHEREFORE, for the foregoing reasons and as outlined above, Defendants request this Court enter an Order awarding the following relief:

a. Adjudicating this Motion on an emergency basis;

b. Compelling Plaintiffs to immediately provide full and complete answers to the Defendants' Interrogatories without objection at least five (5) days prior to the March 23-27 depositions of Plaintiffs' parents;

c. Requiring Plaintiffs to fully answer all Interrogatories without resort to the document production option contained in Rule 33(d) or, alternatively, requiring Plaintiffs to fully comply with Rule 33(d) by mandating specific reference to the documents responsive to each Interrogatory and the specific page and paragraph at least five (5) days prior to the March 23-27 depositions of Plaintiffs' parents;

d. Compelling Plaintiffs to specifically identify and to produce all documents responsive to the Defendants' Requests for Production without objection at least five (5) days prior to the March 23-27 depositions of Plaintiffs' parents;

e. Deeming all boilerplate, non-specific and "subject to" objections waived;

f. Deeming all Requests for Admission admitted, or, alternatively, compelling Plaintiffs to fully respond to all Requests without objection at least five (5) days prior to the March 23-27 depositions of Plaintiffs' parents;

g. Compelling Plaintiffs to fully disclose all damages they are seeking in compliance with Rule 26(a)(1)(A)(iii) at least five (5) days prior to the March 23-27 depositions of Plaintiffs' parents;

h. Compelling Plaintiffs to provide search terms within three (3) days of the Court's Order adjudicating this Motion; and

i. Awarding any other relief that is just and appropriate under the circumstances.

Dated this 11th day of March, 2020.

Respectfully submitted,

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
/s/ *Terry J. Harmon*
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for School Board of Okaloosa County and Mary Beth Jackson*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 7,530 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of March, 2020, a true and correct copy of the foregoing was electronically filed in the United States District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**

33