UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

C.H., a minor, by RUSSELL
HILLIGOSS and TAMMY
HILLIGOSS, his natural guardians,

    Plaintiff,

v.                              CASE NO. 3:18cv2128-MCR-HTC

THE SCHOOL BOARD OF
OKALOOSA COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## GUARDIAN AD LITEM REPORT REGARDING C.H.

COMES NOW Sean Culliton, Esq., as Guardian Ad Litem on behalf of C.H., and files this report requesting the Court approve the proposed settlement as it pertains to C.H., and as grounds therefore, states the following:

1. I, Sean Culliton, Esq., am Guardian Ad Litem on behalf of C.H., appointed for the purpose of representing him with respect to settlement for damages sustained from ongoing schoolteacher abuse at Silver Sands Elementary School that occurred in the 2014-2015 and 2015-2016 school years in Fort Walton Beach, Okaloosa County, Florida. (See Dkt # 352)

1

2. C.H., who is now an adult, was as young as 14 years old when this abuse started. He was on the autism spectrum, although not fully, and mostly non-verbal at the time when most of the abuse occurred. C.H. was not able to participate in either of my conference calls with his parents, though I was able to hear him in the background. He does appear to be non-verbal.

3. I have been a plaintiff's attorney since 1995 and have dealt with individuals with profound injuries and disabilities. I have also dealt with individuals whose settlement proceeds are placed in a special needs trust in order to safeguard the settlement proceeds and maintain eligibility for certain public assistance. I am aware that the litigation process involves the risk of losing at trial, or receiving a verdict in the amount less than anticipated. In cases like this, where an insurance company may be responsible for payment of the settlement or judgment, there is always a risk that the insurance company may not have to pay.

4. This case involves physical and emotional abuse of a student by an elementary school special needs teacher. A settlement of $220,000.00 has been reached with Defendant Roy Frazier. According to a draft of the Closing Statement, the net proceeds after the payment of $110,000.00 in fees and costs will be $110,000.00. A fee of 40% of the gross is being proposed, as well as costs capped at $22,000.00. I understand the actual litigation costs are higher. This type of

contingency agreement is common and most people who have been injured could not afford to pay skilled attorneys on an hourly basis, nor pay the litigation costs.

5. In my evaluation of the proposed settlement of this tragic case, I reviewed the pending Complaint, as well as certain Orders of this Court concerning certain Dispositive Motions. I also spoke with Plaintiff's counsel, Mr. Ryan Hobbs, Esq., concerning the various insurance coverage issues raised by the applicable insurance carriers in this matter. I primarily considered issues that might arise as to liability. I think the damages to a special needs child such as C.H. speak for themselves, while establishing liability could be more problematic as C.H. was not verbal at the time of the incidents of abuse, and still may not be able to convey what happened to him. Obviously, liability could be proven with other evidence, but the victim's firsthand account would be the most powerful. Thus, shielding C.H. from that potential ordeal is certainly in his best interests, and militates in favor of settlement short of trial.

6. I had two conversations with C.H.'s guardian, Tammy Hilligoss, as well as his father, Russ Hilligoss. These parents are truly dedicated to providing the near constant care needed by C.H. The care needs for C.H. are enormous due to his pre-existing conditions and this settlement is not going to cover those costs. The parents seem overwhelmed by their financial and time commitment to C.H.

and had hoped for a greater settlement to alleviate these pressures. Despite this, they agree the settlement, and settlement amount, are in the best interest of C.H.

Based on my review of the case, it is difficult to distinguish the need for ongoing care for C.H. caused by his torment in school vs. his pre-existing condition. I am optimistic the settlement proceeds will relieve some of the parents' burden and help give them the stamina to continue to provide care for C.H. into the future. The parents appreciate the work of C.H.'s lawyers, Plaintiff's attorneys Ryan Hobbs, John Leace, Ryan Molaghan and Dean LeBouef, and their whole law firm.

7.   Mrs. Hilligoss intends to place the settlement proceeds (after attorney's fees and costs) in a special needs trust, and understands that any disbursements must be solely for the health, education and welfare of C.H. Mrs. Hilligoss did not seem to fully understand what expenses of C.H. could be spent from the special needs trust; but I understand a special needs trust has, or will be, set up by Legacy Enhancement and they will provide direction to the parents regarding the proper use of the funds in the trust. I spoke with a representative of Legacy Enhancement and she explained their obligation to preserve the assets of the trust, and to preserve C.H.'s eligibility to other government benefits. This seems like an appropriate solution for the use of the net settlement proceeds.

8. Thus, under all the circumstances detailed above, this is an excellent resolution for C.H.

9. Accordingly, the undersigned Attorney recommends that the proposed settlement of all claims against Defendant Roy Frazier, and the other defendants, be approved. The proposed distribution of the aforementioned settlement is in the best interest of C.H.

Respectfully submitted this 25th day of October, 2022.

Respectfully submitted,

/s/ Sean Culliton
SEAN CULLITON, ESQ.
Florida Bar No. 986232
285 Pinewood Drive
Tallahassee, Florida 32303
Phone: 850-385-9455
Fax: 813-441-1999
sean@seancullitonlaw.com
Guardian Ad Litem for C.H.

The undersigned certifies that on this 25th day of October, 2022, a true and correct copy of the foregoing was electronically filed in the United States District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Sean Culliton
SEAN CULLITON, ESQ.